IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**KATIE YOUNG**                                                                     **PLAINTIFF**

**V.**                                                              **NO. 4:24-CV-10-DMB-JMV**

**NHE INC.**                                                         **DEFENDANT**

**OPINION AND ORDER**

Though this Court granted NHE Inc.'s initial motion to dismiss Katie Young's complaint, the Court allowed Young fourteen days to seek leave to amend her complaint. Young subsequently filed four amended complaints against NHE, and NHE moves to dismiss each and every one. Because Young did not seek leave from the Court to file the amended complaints and, even if she had requested and been granted leave, the amended complaints would have been futile, NHE's motions to dismiss all four amended complaints will be granted and this case will be dismissed with prejudice.

**I**
**Procedural History**

On December 5, 2023, Katie Young filed a pro se complaint in the Circuit Court of Grenada County, Mississippi, against NHE Inc., alleging claims for breach of contract and punitive damages. Doc. #4. NHE removed the case to the United States District Court for the Northern District of Mississippi on January 29, 2024, asserting diversity jurisdiction. Doc. #1. Four days later, NHE moved to dismiss Young's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Doc. #8. On May 8, 2024, this Court granted the motion to dismiss but gave Young fourteen days to "seek leave to file an amended complaint," warning Young that "[i]f [she] does not request

leave to amend or if it is ultimately determined that amendment would be futile, the complaint will be dismissed with prejudice."[1] Doc. #15 at 6 & n.9.

On May 15, 2024, Young filed an amended complaint ("First AC") without requesting or receiving leave to amend from the Court.[2] Doc. #19. Two weeks later, NHE filed a motion to dismiss the First AC pursuant to Rule 12(b)(6) or, alternatively, Rule 12(e) ("First Motion"). Doc. #22.

Young did not respond to NHE's First Motion. However, on June 3, 2024, Young filed a second amended complaint ("Second AC"), again without seeking leave to amend from the Court. Doc. #24. One week later, NHE filed a motion to dismiss the Second AC pursuant to Rule 12(b)(6) or, alternatively, Rule 12(e) ("Second Motion"). Doc. #25.

On June 11, 2024, and June 14, 2024, respectively, Young filed a third amended complaint ("Third AC") and a fourth amended complaint ("Fourth AC"), yet again without seeking leave to amend. Docs. #27, #28. Also on June 14, Young filed a response opposing the Second Motion, Doc. #29; as well as a letter reiterating her opposition to the Second Motion, Doc. #30.[3] On June 27, 2024, NHE filed a motion to dismiss both the Third AC and the Fourth AC pursuant to Rule 12(b)(6) or, alternatively, Rule 12(e) ("Third Motion"). Doc. #32.

On July 1, 2024, Young filed (1) a letter that begins, "Dear Judge," in which she states she

---

[1] The day the Court granted the motion to dismiss, the Court received from Young a letter dated May 6, 2024, containing a response opposing NHE's February 2 motion to dismiss in which Young "request[ed] this case to move forward with the defendant in court because [she] was discriminated for [her] Religion." Doc. #16 at PageID 109. On May 10, 2024, the Court received from Young another letter, also dated May 6, asserting the same argument. Doc. #18.

[2] On May 17, 2024, the Court received from Young a letter dated May 10, 2024, in which Young states that (1) she "disagree[s] with a dismiss with my claims with the defendant," (2) a "statement was added into the system about moving forward with [her] case," and (3) she "wants to reappeal opening [her] case with the defendant for trial in court." Doc. #21 at PageID 119.

[3] On June 20, 2024, the Clerk of the Court docketed a letter dated May 10, 2024, from Young requesting this case be "reopen[ed]" for the same reasons explained in all her previous communications with the Court. Doc. #31 at PageID 157.

"disagree[s] with the defendant for a dismissal with [her] claim," and requests "her claim … be moved forward" and "a settlement of $7 billion dollars with NHE," Doc. #34 at PageID 173; (2) a document titled, "Respond to Renewed Motion," Doc. #35; and (3) a document titled, "Respond to Memorandum of Law Motion Third and Fourth Amended Complaints,"[4] Doc. #36.[5]

## II
## Discussion

In her first three amended complaints, Young alleges that she "was discriminated on [her] job due to [her] Religious. [She] know[s] and ha[s] 'THE FATHER' that sits very HIGH and looks very LOW and he knows 'ABSOLUTELY EVERTHING'. Everybody will be heard, and justice will be served when judgement day comes in front of 'OUR FATHER'." Doc. #19 at PageID 116 (emphases in original); Doc. #24 at PageID 133 (emphases in original); Doc. #27 at PageID 147 (emphases in original). In her Fourth AC, Young alleges the same and further claims that she "was told to stop talking about GOD with NHE. [She] REFUSED to stop talking about OUR FATHER FOR ANYONE IN JESUS NAME AMEN. Offences will come when you are walking with OUR FATHER. [She] will not give up on JESUS because he did not give up on us IN JESUS NAME AMEN." Doc. #28 at PageID 149 (emphases in original). In all four complaints, Young cites various quotations from the "King James Verse Bible." *See generally* Docs. #19, #24, #27, #28.

In all three of its motions to dismiss, NHE argues that (1) "[w]hile not clear or explicitly stated and supported by no factual allegations, … it appears [Young] is asserting an employment

---

[4] Later the same day, Young filed a "renewed motion amended complaint for third and fourth," Doc. #37, which United States Magistrate Judge Jane M. Virden denied on July 11, 2024, because "it [was] not accompanied by the proposed amended complaint itself attached as an exhibit. And even if it [was] … construed as the proposed amended complaint it would be stricken as it is not accompanied by a separately filed motion for leave to file such an amendment." Doc. #38 at PageID 181 (footnote omitted). On July 15, 2024, Young filed a "Renewed Denied Motion Amended Complaint For Third and Fourth." Doc. #40. Judge Virden denied Young's July 15 motion for the same reasons stated in the July 11 order. Doc. #41.

[5] On July 15, 2024, the Court received a letter from Young where she makes the same arguments as in all her previous communications with the Court. Doc. #39.

3

discrimination claim based on her religion" but because she did not attach a "Charge of Discrimination [or] Dismissal and Right to Sue," such claims should be dismissed for failure to exhaust administrative remedies under Title VII of the Civil Rights Act of 1964; and (2) Young fails "to provide the necessary facts to establish a plausible claim," instead making only incomplete factual allegations. Doc. #23 at 2–6; Doc. #26 at 2–6; Doc. #33 at 6–10.[6] All filings by Young regarding the motions to dismiss simply reiterate the assertions in her amended complaints. *Compare* Docs. #19, #24, #27, #28 *with* Docs. #29, #30, #31, #34, #35, #36, #39.[7]

### A. Procedural Deficiencies

Though the Court's May 8 order specified that Young must seek leave of the Court to file an amended complaint, Doc. #15 at 6, Young did not seek leave to amend before filing her First AC, her Second AC, her Third AC, and her Fourth AC. *See* Fed. R. Civ. P. 15(a)(2) (once time has passed to amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."). Even if the Court considered all such filings as Young's requests to amend, Young failed to comply with Local Rule 15's requirement that "a proposed amended pleading must be an exhibit to a motion for leave to file the pleading" when leave of court is required under Federal Rule of Civil Procedure 15. Due to these procedural defects, all of Young's amended complaints are properly dismissed.

### B. Futility

Even if Young's amended complaints were not procedurally defective and the Court construed them as requests for leave to amend, they still would be dismissed as futile.

Federal Rule of Civil Procedure 15(a)(2) instructs that a "court should freely give leave [to

---

[6] In the Third Motion, NHE notes that "[t]he only additional piece of information added to Plaintiff's Fourth Amended Complaint is that '*I was told to stop talking about GOD with NHE. I REFUSED to stop talking about OUR FATHER FOR ANYONE IN JESUS NAME AMEN.*'" Doc. #33 at 9.

[7] It is not clear to the Court which filings from Young, if any, should be deemed her formal responses to the motions.

4

amend pleadings] when justice so requires." "The language of this rule evinces a bias in favor of granting leave to amend." *SGIC Strategic Glob. Inv. Cap., Inc. v. Burger King Eur. GmbH*, 839 F.3d 422, 428 (5th Cir. 2016) (cleaned up). However, a "court need not grant a futile motion to amend. Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (citation omitted).

To survive dismissal under the Rule 12(b)(6) standard, "a complaint must present enough facts to state a plausible claim to relief. A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail." *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1150 (5th Cir. 2021) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Though not entirely clear, Young seems to allege in her amended complaints a claim of religious discrimination in violation of Title VII of the Civil Rights Act of 1964. To overcome a motion to dismiss such a claim, Young must have first exhausted Title VII administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission within 180 days of the alleged discrimination. *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 303 (5th Cir. 2018). Because Young does not allege in any of her amended complaints that she filed an EEOC charge at any point, much less one alleging religious discrimination by NHE, and did not attach to any of her amended complaints an EEOC charge, the amended complaints fail to state a claim upon which relief can be granted and allowing them to stand would be futile. In short, Young's four amended complaints will be dismissed with prejudice.

### III
### Conclusion

NHE's motions to dismiss [22][25][32] are **GRANTED**. This case is **DISMISSED with**

**prejudice.** A final judgment will issue.

      **SO ORDERED**, this 8th day of August, 2024.

<u>/s/Debra M. Brown</u>  
**UNITED STATES DISTRICT JUDGE**
